UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BENJAMIN J. HILL,

       Plaintiff,

v.                             CASE No. 8:12-CV-1777-T-TGW

CAROLYN W. COLVIN,[1]
Commissioner of Social Security,

       Defendant.

_____

## O R D E R

The plaintiff in this case seeks judicial review of the denial of his claim for supplemental security income payments.[2]  Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error, the decision will be affirmed.

### I.

The plaintiff, who was twenty-three years old at the time of the administrative hearing (Tr. 39) and who has the equivalent of a high school

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security and should, therefore, be substituted for Commissioner Michael J. Astrue as defendant in this action.  See 42 U.S.C. 405(g); Fed.R.Civ.P. 25(d).

[2] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 17).

education (Tr. 43), has worked as a bagger and stocker in grocery stores (Tr. 206). He filed a claim for supplemental security income payments, alleging that he became disabled due to Crohn's disease and back problems (Tr. 205). The claim was denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of Crohn's disease and scoliosis (Tr. 15). She concluded that these impairments restricted the plaintiff to light work involving only occasional stooping, crouching, kneeling and crawling (id.). She determined that these limitations prevented the plaintiff from returning to prior work (Tr. 19). However, based upon the testimony of a vocational expert, the law judge found that jobs existed in significant numbers in the national economy that the plaintiff could perform, such as small parts assembler, cashier II, and merchandise marker (Tr. 20). Accordingly, the law judge decided that the plaintiff was not disabled (id.). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months."   42 U.S.C. 1382c(a)(3)(A).   A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."   42 U.S.C. 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record

compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper

legal standards were applied and legal requirements were met.  Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff alleges that he is disabled due to Crohn's disease and back problems related to scoliosis.  The law judge found that the plaintiff had severe impairments of both Crohn's disease and scoliosis, but concluded that those impairments did not render the plaintiff disabled.  In challenging the law judge's decision, the plaintiff relies only on the impairment of Crohn's disease (Doc. 23, pp. 2, 6).

The Commissioner in her memorandum sets forth this discussion of Crohn's disease (Doc. 24, p. 2 n.1):

> Crohn's disease is an inflammatory bowel disease that causes inflammation of the lining of the digestive tract, which can lead to abdominal pain, severe diarrhea and even malnutrition.  See Mayo Clinic, Crohn's disease http://www.mayoclinic. com/health/crohns-disease/DSS00104 (last visited May 15, 2013).  "While there's no known cure for Crohn's disease, therapies can greatly reduce the signs and symptoms of Crohn's disease and even bring about long-term remission."  Id.  "With treatment, many people with Crohn's disease are able to function well."  Id.

As the law judge acknowledged, the plaintiff was diagnosed with Crohn's disease in 1997 at age 10 (Tr. 17). However, the law judge noted that "there is very limited medical evidence within the record" and that "there are significant gaps in the claimant's history of treatment" (id.). She added that the plaintiff "seeks treatment only when he has a flare up of his Crohn's disease" and that his "treatment history consisted primarily of either short-term hospitalizations or emergency room visits for inflammation of his Crohn's disease" (id.). These comments fairly and accurately reflect the medical evidence regarding Crohn's disease.

Significantly, the pertinent time period for the plaintiff's claim is from April 27, 2009, when the plaintiff filed his application, until April 4, 2011, the date of the law judge's decision.[3] There is no indication that during the period from April 27, 2009, to April 4, 2011, the plaintiff was seeing a doctor on a regular basis. As the law judge stated, the plaintiff "only sought

---

[3]It is noted that the plaintiff has submitted additional evidence to the Appeals Council in connection with a request for review. The plaintiff makes no argument pursuant to Ingram v. Commissioner of Social Security Administration, 496 F.3d 1253 (11th Cir. 2007), that the Appeals Council erred with respect to that evidence. Consequently, any such argument is forfeited. Concomitantly, the new evidence (Tr. 535-69) is not properly considered in assessing the law judge's decision. Id. at 1266.

treatment in instances when he had flare ups of his Crohn's disease" (Tr. 18).

She pointed out further that, "by his own account, he has failed to maintain

any level of consistency with his prescribed medication regimen" (id.; see Tr.

36). Thus, although the plaintiff has been prescribed Pentasa, he lets his

medication run out (Tr. 442, 371 ("off of his medications for several

months")).

The law judge stated that, "[b]ased on the objective medical

evidence of record, the undersigned finds that the claimant's condition is

generally controllable" (Tr. 18). For example, the plaintiff told an examining

physician that his medication has helped (Tr. 434).

Significantly, the plaintiff has not acceptably challenged the law

judge's finding that his condition is generally controllable. The plaintiff

asserts that "[t]he record indicates that the Plaintiff has been prescribed

Pentasa and takes it on a regular basis, but it does not appear to help or

alleviate the symptoms" (Doc. 23, p. 7). The plaintiff does not provide any

citation to the record in support of that assertion. Importantly, the scheduling

Order requires the plaintiff to support each discrete challenge with "citations

to the record of the pertinent facts" (Doc. 15, p. 2). In light of the failure to comply with this requirement, the plaintiff's challenge to the law judge's finding that the plaintiff's Crohn's disease is generally controllable is deemed abandoned.

Moreover, in the absence of any supporting citation, the plaintiff cannot demonstrate that the evidence compels a conclusion that his condition is not generally controllable. See Adefemi v. Ashcroft, supra. As indicated, the medical evidence, as well as the plaintiff's own testimony, shows that he does not take Pentasa on a regular basis. Further, no comment was seen in the medical records stating that the medication does not help. To the contrary, when the plaintiff is discharged from the hospital after a flare up, he is prescribed Pentasa (or as it is also called mesalamine) (see, e.g., Tr. 443, 456, 459).

In addition, the plaintiff's assertion in his memorandum that he takes Pentasa on a regular basis is inconsistent with his testimony that he cannot afford it. The law judge considered this testimony and rejected it as not credible. Thus, the law judge explained (Tr. 18):

> Firstly, according to the treatment notes provided by Dupti Mehta, M.D.[,] on July 24, 2010, arrangements were made for the claimant's medication to be delivered to Premier Clinic for him to pick-up on July 29, 2010 (Ex. 9F, p.2). Secondly, the claimant is currently working a part-time job (Hearing testimony and Ex. 4D). Thirdly, the claimant has a trust fund that he had some access [to] (Ex. 8D).

The law judge's reasons for discounting the plaintiff's testimony that he could not afford his medication are each supported by substantial evidence. While the conclusion that the law judge's reasons are supported by substantial evidence could be easily explained, an explanation is unnecessary because the plaintiff has not even mentioned the law judge's credibility finding on this point, much less challenged it. Consequently, the plaintiff's lack of compliance with his medication regimen cannot be excused on the ground that the plaintiff could not afford his medication. Rather, the law judge reasonably concluded that the plaintiff's non-compliance "would suggest that the claimant's symptoms might not have been as limiting as he alleged in connection with his application" (Tr. 18).

This conclusion, along with other findings, such as that the plaintiff's Crohn's disease is generally controllable, answers the plaintiff's argument that the law judge did not provide specific and adequate reasons for discounting the plaintiff's testimony regarding frequent diarrhea, nausea, and vomiting (Doc. 23, p. 7). The law judge acknowledged in her decision the plaintiff's allegations concerning his symptoms (Tr. 16). Moreover, she recognized the need to articulate a credibility determination, and referred to the pertinent regulation and Social Security rulings (id.). She also set out the governing principles (id.). This demonstrates that the law judge employed the proper analysis. See Wilson v. Barnhart, 284 F.3d 1219, 1225-26 (11th Cir. 2002).

The law judge found that the plaintiff's statements concerning his symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment (Tr. 16, 17). Since the residual functional capacity assessment contained no restrictions related to symptoms of diarrhea, nausea, and vomiting, this finding means that the law judge concluded that the symptoms did not normally interfere with the plaintiff's

ability to work. The law judge provided adequate reasons to support this conclusion.

Thus, the law judge stated that "the very conservative and sporadic nature of the claimant's treatment history lends little credence to the claimant's subjective pain complaints" (Tr. 18). The law judge noted that there is very limited medical evidence in the record (Tr. 17) and that the plaintiff only sought treatment when he had flare ups (Tr. 18). Consequently, there are no medical records showing that at times other than flare ups the plaintiff was suffering from the alleged symptoms.

In addition, the law judge found that the plaintiff's disease was generally controllable, and that the plaintiff's failure to follow the prescribed course of treatment that would help control the disease was not due to an inability to afford his medication. As indicated, this last circumstance caused the law judge to think that the plaintiff's symptoms were not as limiting as alleged (id.).

Further, the law judge pointed out that the plaintiff was working at a part-time job at the time of the hearing (id.). Thus, the plaintiff testified

at the November 8, 2010, hearing that since December 2009 he had been working as a telephone surveyor about four and a half to five days a week for an average of 25 hours per week (Tr. 40). This evidence also supports the conclusion that the plaintiff's alleged symptoms do not significantly interfere with his ability to work.

Finally, the plaintiff contends that, if the law judge was in doubt as to the frequency of the plaintiff's episodic diarrhea and abdominal cramping, she should have used a medical expert to render an opinion of the frequency and duration of the plaintiff's symptoms in light of the medical evidence of record (Doc. 23, p. 8). In the first place, the law judge did not appear to doubt that, if the plaintiff followed his medication regimen, the plaintiff's diarrhea and cramping would be sufficiently infrequent so that it would not substantially interfere with the plaintiff's ability to work. Further, it seems unrealistic, as well as speculative, to think that a doctor could opine based upon the record how frequently and how long the plaintiff would have diarrhea and cramping, particularly since he would have to factor in the plaintiff's noncompliance with medication. In addition, the plaintiff has not

-12-

cited any legal authority indicating that the law judge should have obtained such an opinion from a medical expert.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby **AFFIRMED**.  The Clerk shall enter judgment accordingly and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 30th day of July, 2013.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

-13-